HALL, Judge.
On February 12, 1968 plaintiff filed suit against E. E. Smith, Inc. for $7,434.10 being the balance allegedly due on open account for plumbing materials purchased from plaintiff. On March 20, 1968, E. E. Smith, Inc. answered alleging that certain payments had been made by other parties which should be credited to this account. On September 30, 1968 plaintiff filed a supplemental and amending petition which *458 in effect set forth that E. E. Smith, individually, was liable for payment of the account either separately or conjointly with E. E. Smith, Inc. Separate answers to the supplemental petition were filed by E. E. Smith, Inc. and E. E. Smith, individually, both answers being general denials.
Following trial on the merits judgment was rendered in favor of plaintiff “and against defendants, E. E. Smith, Inc. and E. E. Smith” for the amount claimed by plaintiff. Defendants appealed. Plaintiff did not answer the appeal.
Appellants’ attorney admits that he has no defense as far as E. E. Smith, Inc. is concerned.
The record discloses that prior to March 1965 E. E. Smith had been purchasing plumbing materials from another plumbing supply house through a Mr. Horn, one of its salesmen. When Mr. Horn subsequently left that company and went to work for plaintiff he brought Mr. Smith’s business with him.
Mr. Smith began doing business with plaintiff in March of 1965 his account being carried on plaintiff’s ledger sheets under the name “E. E. Smith”.
Mr. Smith testified that his business was incorporated in 1962 and that on noticing he was being billed as an individual he asked Mr. Horn to have the billing changed to “E. E. Smith Inc.”. He admitted that he never talked to anyone else about this although he met Mr. Pecoraro, plaintiff’s president, within six months thereafter.
Mr. Pecoraro testified that he had talked to Mr. Smith many times but he was never asked to change the billing and did not know that E. E. Smith was incorporated until the beginning of 1966 when he noticed that one of the payments on account was made with a corporate check. Thereafter he commenced carrying the account on his ledger sheets under the name “E. Smith Inc.” and the ledger sheets remained in that name through the last entry thereon. However, Mr. Pecoraro stated that all of the billing was “not necessarily” made in the name of the corporation. It would appear that plaintiff was doing business both with Smith individually and with his corporation. Mr. Pecoraro testified that “* * * we had found out that Mr. Smith at times would go under incorporation or just go under E. E. Smith.”
Mr. Smith readily admitted the following:
(1) On March 30, 1966 a balance of $12,900.04 was due on the account with plaintiff.
(2) From April 1, 1966 through May 27, 1966 materials amounting to $7,411.74 were purchased for the account of E. E. Smith and received by him.
(3) From March 30, 1966 through May 27, 1966 plaintiff was paid on account the total sum of $12,877.68.
(4) No other payments were made on the account by E. E. Smith or E. E. Smith Inc.
(5) If no other payments could be proven there would now be a balance due on the account of $7,434.10.
Defendants sought to show by cross-examination of plaintiff’s witnesses that possibly some payments were made on the account by third persons which had not been credited thereon. Plaintiff’s witnesses denied this and defendants failed to introduce any proof in support of their contention.
Plaintiff concedes that it did business interchangeably with both Smith and his corporation until March 30,1966.
During the latter part of March 1966 E. E. Smith, as an individual and not as E. E. Smith Inc., entered into a working arrangement with one Marco Conzonere to do sewer work and plumbing on certain jobs, as he had no plumbing license. Smith and Conzonere then entered into an agreement with plaintiff to furnish them *459 the necessary materials for the jobs. Smith was to receive 15% of the profits as his share. Plaintiff refused to do business with Conzonere but agreed to furnish the materials to E. E. Smith. Smith testified that “It was understood it was to be billed to me”. (emphasis supplied) Plaintiff dealt with Smith alone and from April 1 1966 through May 27, 1966 furnished materials to him as an individual and not as a corporation. These materials were billed to Mr. Smith personally and amounted to the total sum of $7,411.74. Mr. Smith admitted that he or his agents received all of the materials billed to him.
During the period from March 30, 1966 through May 27, 1966 payments of $12,-877.68 were credited on the general account, none of the credits being allocated to specific items. This left a balance of $7,434.10 due thereon.
For the foregoing reasons the judgment appealed from is affirmed, cost of this appeal to be borne by defendants-appellants.
Affirmed.